UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br>1350 PENNSYLVANIA AVENUE, N.W.<br>WASHINGTON, D.C.  20004<br>A MUNICIPAL CORPORATION<br><br>                      Plaintiff,<br><br>v.<br><br>ALL OF THE PARCEL OF LAND<br>IDENTIFIED AS SQUARE 5246, LOT 110,<br>LOCATED IN THE 5700 BLOCK OF<br>EAST CAPITOL STREET, NE<br>IN THE DISTRICT OF COLUMBIA, *et al.*<br><br>                      Defendants. | Civil Action No. 24-2068 |

## NOTICE OF REMOVAL OF A CIVIL ACTION

Defendant United States Department of Housing and Urban Development (HUD) hereby files this Notice of Removal pursuant to 28 U.S.C. § 1444.  In support of this Notice, the United States asserts as follows:

1.      Plaintiff originally filed a civil action styled *District of Columbia v. All of the Parcel of Land Identified as Square 5246, Lot 110*, now pending in the Superior Court of the District of Columbia, Civil Action No. 2022 CA 002424 E(RP), on May 31, 2022, before the Honorable Maurice Ross.  A copy of the Amended Complaint in Condemnation adding the U.S. Department of Housing and Urban Development (HUD), pursuant to court order, and any subsequent pleadings are attached as Exhibit A.

2.      Plaintiff filed the Amended Complaint adding the U.S. Department of Housing and Urban Development (HUD), pursuant to court order, on January 12, 2024 (and docketed on

January 16, 2024), and served it upon the Office of the U.S. Attorney for the District of Columbia on January 26, 2024, and on HUD on February 7, 2024, according to Affidavits filed on the docket on February 8, 2024.

3. In the Complaint, Plaintiff seeks to condemn the property of the D.C. Housing Authority (DCHA) located in the 5700 and 5800 Blocks of East Capitol Street, NE, District of Columbia. DCHA owned fee simple title to the property and, prior to Plaintiff's taking, had obtained funds to demolish and redevelop public housing units thereon pursuant to a Hope VI Grant and Hope VI Grant Agreement with HUD. Following the HUD-funded demolition of former public housing units, DCHA subsequently leased the property to CG Marketplace, LLC ("CGM"), on the condition that all future uses of the property are reviewed and approved by HUD and are consistent with the terms of the HOPE VI Grant Agreement. These interests of HUD in the property constitute liens of the United States within the meaning of 28 U.S.C. § 2410. In the ongoing litigation in the Superior Court of the District of Columbia, Defendants DCHA and CGM have formally acknowledged these interests of HUD in the property.

4. As the docket reflects, the United States sought and obtained extensions of time to file an answer or other response to the Amended Complaint in Condemnation since being served. A response to the complaint is currently due on July 17, 2024.

5. This is a civil action commenced in the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 2410, which waives the sovereign immunity of the United States for the filing of Condemnation actions involving "property on which the United States has or claims a mortgage or other lien." Accordingly, 28 U.S.C. § 1444 operates to authorize removal of such a case apart from the requirements of 28 U.S.C. §§ 1441, 1446. Plaintiff's claim is one over which the District Court has original jurisdiction because the action is brought against the United

States, 28 U.S.C. § 1346, and because 28 U.S.C. § 1444 authorizes the action in District Court. *See Kasdon v. G. W. Zierden Landscaping, Inc.*, 512 F. Supp. 172, 174-75 (D. Md. 1981) (explanation of interplay between § 2410 and § 1444 and the impact on jurisdiction), citing *Hood v. United States*, 256 F.2d 522, 525 (9th Cir. 1958) ("The removal statute itself, § 1444, expressly grants the United States the substantive right of removal and confers jurisdiction over such proceeding upon the federal district court."); *see also*, *Leathers v. Leathers*, 856 F.3d 729, 749-50 (10th Cir. 2017) ("As a trade off for the waiver of sovereign immunity [(under § 2410)], [28 U.S.C. § 1444] permits the government to remove to federal court any such case initiated in state court."), quoting and citing *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 629-30, 635 (5th Cir. 2002) ("[O]nce [2410] is deemed applicable in a state court action…it makes available to the government § 1444, which we have held creates a substantive right of removal to federal court, regardless of other jurisdictional limitations."); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105 (1st Cir. 2007) ("28 U.S.C. § 1444 ... confers upon the federal government an absolute right to remove to federal court [quiet title] actions in which it is named as a defendant...."). The same is certainly true of condemnation actions. *See City of Joliet, Ill. v. New W., L.P.*, 562 F.3d 830, 833 (7th Cir. 2009) ("[T]he presence of the national government as a party [(in a condemnation action)] with a security interest in the real estate supplies jurisdiction. 28 U.S.C. §§ 1444, 2410."); *City of Miami Beach v. Smith*, 551 F.2d 1370, 1373 and n.5 (5th Cir. 1977) (same, with explanation of rejection of contrary authority).

WHEREFORE, this action is properly removed from the Superior Court of the District of Columbia to the U.S. District Court for the District of Columbia.

Dated: July 16, 2024.　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　MATTHEW M. GRAVES, D.C. Bar #481052
　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　BRIAN P. HUDAK
　　　　　　　　　　　　　　　　　　　Chief, Civil Division

　　　　　　　　　　　　　　　By:　　*/s/ Oliver W. McDaniel*
　　　　　　　　　　　　　　　　　　　OLIVER W. MCDANIEL
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　　601 D Street, N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C.  20530
　　　　　　　　　　　　　　　　　　　Telephone: (202) 252-2508
　　　　　　　　　　　　　　　　　　　oliver.mcdaniel@usdoj.gov

　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　　　　*United States of America*

# CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, I served the foregoing Notice of Removal of Civil Action by sending it by the Electronic Court Filing (ECF) System, to the extent that the recipient has access, or by first-class U.S. mail, postage pre-paid, or email to the following recipients:

AAG William Burk, Esquire
AAG Andrew Glover, Esquire
Office of the Attorney General for D.C.
400 6th Street, NW, Suite 900
Washington, D.C.  20001
Counsel for Plaintiff District of Columbia

Edward Scheideman, Esquire
DLA Piper LLP (US)
500 8th Street, NW
Washington, D.C.  20004
Counsel for Defendant CG Marketplace, LLC

Brett Ingerman, Esquire
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, MD  21209
Counsel for Defendant CG Marketplace, LLC

David Hawkins, Esquire
The Hawkins Law Firm, PLLC
2101 L Street, NW, Suite 800
Washington, D.C.  20037
Counsel for Defendant District of Columbia Housing Authority

James T. Heidelbach, Esquire
Gebhardt & Smith, LLP
One South Street, Suite 2200
Baltimore, MD   21202
Counsel for Defendants Brian Cannon, PNC Bank, NA, and Patrick G. Tehan

      /s/ *Oliver W. McDaniel*
    OLIVER W. MCDANIEL
    ASSISTANT UNITED STATES ATTORNEY