## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br>1350 PENNSYLVANIA AVENUE, N.W.<br>WASHINGTON, D.C. 2004<br>A MUNICIPAL CORPORATION | |
| Plaintiff, | |
| v. | Civil Action No. 1:24-cv-02068-JEB |
| ALL OF THE PARCEL OF LAND<br>IDENTIFIED AS SQUARE 5246, LOT 110,<br>LOCATED IN THE 5700 BLOCK OF EAST<br>CAPITOL STREET, NE<br>IN THE DISTRICT OF COLUMBIA, *et al.* | |
| Defendants. | |

### DEFENDANT CG MARKETPLACE LLC'S ANSWER TO CROSSCLAIM

Defendant CG Marketplace LLC ("CGM"), by and through undersigned counsel, hereby answers the Crossclaim filed against it by Defendant the United States Department of Housing and Urban Development ("HUD") on July 23, 2024, and states as follows:

Except as otherwise expressly stated, CGM denies each and every allegation contained or implied in the Crossclaim (whether in the body, headings, subheadings, or otherwise). CGM denies that HUD is entitled to any relief whatsoever as against CGM.

CGM expressly reserves the right to amend or supplement this Answer as may be warranted.

CGM responds to the numbered paragraphs of the Crossclaim as follows:

1. The allegation in Paragraph 9[1] of the Crossclaim that this Court has jurisdiction over this

---

[1] CGM notes that HUD started the numbered paragraphs portion of its Crossclaim with Paragraph number 9 instead of number 1.

matter is a conclusion of law to which no response is required.  To the extent a response is required, CGM denies the allegation in Paragraph 9 of the Crossclaim.

2.      With respect to Paragraph 10 of the Crossclaim, CGM admits that HUD purports to assert crossclaims against CGM and the District to Columbia Housing Authority ("DCHA"), as well as counterclaims against the District of Columbia (the "District") and an interpleader.  CGM denies that HUD is entitled to any relief whatsoever as against CGM.  Further responding, CGM states that the Crossclaim fails to specifically identify against which party or parties each crossclaim, counterclaim, and interpleader in the Crossclaim is alleged.  Except as specifically admitted, CGM denies the allegations in Paragraph 10 of the Crossclaim.

3.      The allegation in Paragraph 11 of the Crossclaim is a conclusion of law to which no response is required.  CGM further states that the HOPE VI program, codified at Section 24 of the U.S. Housing Act of 1937, as amended, speaks for itself, and therefore CGM denies any characterization of it.

4.      The allegations in Paragraph 12 of the Crossclaim purport to refer to and quote from two documents: (1) the Standard Terms and Conditions of the FYI 2001 HOPE VI Revitalization Grant Agreement and (2) Executed HUD Form 1044 which are attached to the Crossclaim as Exhibits A and B respectively.  Those documents speak for themselves, and therefore CGM denies any characterization of them.   CGM is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 12 of the Crossclaim, and therefore, denies those allegations.

5.      CGM lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 13 of the Crossclaim and, therefore, denies those allegations.  Further responding, CGM states that to the extent the allegations in Paragraph 13 refer to the FYI 2001 HOPE VI

Revitalization Grant Agreement, that document speaks for itself, and therefore, CGM denies any characterization of it.

6.      CGM lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 14 of the Crossclaim and, therefore, denies those allegations.  Further responding, CGM states that to the extent the allegations in Paragraph 14 refer to the FYI 2001 HOPE VI Revitalization Grant Agreement, that document speaks for itself and, therefore, CGM denies any characterization of it.

7.      CGM lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 15 of the Crossclaim and, therefore, denies those allegations.

8.      CGM lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 16 of the Crossclaim and, therefore, denies those allegations.

9.      CGM denies the allegation in the first sentence of Paragraph 17 of the Crossclaim that the ground lease between CGM and DCHA for the Property was solely for the development of a grocery store.  CGM lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 17 of the Crossclaim and, therefore, denies those allegations.  Further responding, CGM states that to the extent the allegations in Paragraph 17 refer to the Deed of Partial Release of Declaration of Trust, that document speaks for itself and, therefore, CGM denies any characterization of it.

10.      With respect to the allegations in the first sentence of Paragraph 18 of the Crossclaim, CGM admits that it entered into a 99-year ground lease for the Property.  CGM denies the allegations in Paragraph 18 that CGM is a joint venture between D.C. Housing Enterprise and A&R Development Corporation.  CGM admits the allegations in the second sentence of Paragraph 18 that CGM entered into a 20-year sublease of a portion of the Property with Walmart, Inc.

("Walmart").  CGM denies that the entire Property was subleased by Walmart.  CGM further admits that Walmart paid annual rent to CGM in the amount of $1.3 million after certain conditions were met.  The Walmart sublease speaks for itself, and therefore, CGM denies any characterization.  Except as specifically admitted, CGM denies all other allegations in Paragraph 18 of the Crossclaim.

11.  With respect to Paragraph 19 of the Crossclaim, CGM admits that it obtained a construction loan from PNC Bank, National Association to develop the Property, including, but not limited to, the construction of the sitework improvements required by the Walmart sublease. CGM denies that the construction loan was in the amount of $16 million.  CGM admits that it used annual rent payments received from Walmart under the Walmart sublease to pay principal and debt service on the PNC loan until in or about 2022.  Further responding, CGM states that in or about 2022 the District assumed—in exchange for a $6.6 million payment from Walmart—and then took, via eminent domain, the sublease between CGM and Walmart.   The district stopped paying rent to CGM under the sublease when it initiated this action.

12.  With respect to Paragraph 20 of the Crossclaim, CGM admits that in or about 2016 Walmart withdrew its commitment to construct and operate a grocery store at the Property.  CGM admits that, pursuant to the terms of the Walmart sublease, Walmart paid annual rent to CGM of $1.3 million.  CGM denies that Walmart is currently paying rent to CGM.  Further responding, CGM states that in or about 2022 the District assumed—in exchange for a $6.6 million payment from Walmart—and then took, via eminent domain, the sublease between CGM and Walmart. The district stopped paying rent to CGM under the sublease when it initiated this action.

13.  CGM denies the allegations in Paragraph 21 of the Crossclaim.

14.  With respect to Paragraph 22 of the Crossclaim, CGM admits that the District

initiated this condemnation action.  CGM further admits that it is entitled to compensation for the

taking of the ground lease.  CGM denies all other allegations and characterizations in Paragraph

22 of the Crossclaim.

15.     The allegations in paragraph 23 of the Crossclaim are conclusions of law to which

no response is required.  To the extent that a response is deemed to be required, CGM denies the

allegations.

16.     CGM lacks sufficient information or knowledge to admit or deny the allegations in

Paragraph 24 of the Crossclaim and, therefore, denies those allegations.

17.     The allegations in Paragraph 25 of the Crossclaim are conclusions of law to which

no response is required.  To the extent that a response is deemed to be required, CGM denies the

allegations. Further responding, to the extent the allegations in Paragraph 25 of the Crossclaim

refer to or quote from statutes and regulations, CGM respectfully refers the Court to those statutes

and regulations for their true and correct contents and denies all allegations inconsistent therewith

and denies any characterization of those statutes and regulations.

18.     The allegations in Paragraph 26 of the Crossclaim are conclusions of law to which

no response is required.  To the extent that a response is deemed to be required, CGM denies the

allegations, including the legal conclusion that HUD retains any interest in, or authority over any

funds due and owing CGM.

19.     The allegations in Paragraph 27 of the Crossclaim are conclusions of law to which

no response is required.  Further responding, CGM states that the allegations in Paragraph 27 of

the Crossclaim are not directed at CGM and thus no response from CGM is required.  To the extent

that a response is deemed to be required, CGM denies the allegations including any allegation that

HUD has any authority over the monies owed to CGM as just compensation for the taking of the

Property.

**COUNT ONE OF CROSSCLAIM**
**(Federally Regulated Funds)**

20.     In response to Paragraph 28 of the Crossclaim, CGM repeats and reasserts all of its responses to Paragraphs 9-27 as if fully set forth herein.

21.     The allegations in Paragraph 29 of the Crossclaim are conclusions of law to which no response is required.  Further responding, CGM states that the allegations in Paragraph 29 of the Crossclaim are not directed at CGM and thus no response from CGM is required.  To the extent that a response is deemed to be required, CGM denies the allegations of Paragraph 29, including any allegation that HUD has any authority over the monies owed to CGM as just compensation for the taking of the Property.

22.     The allegations in Paragraph 30 of the Crossclaim are conclusions of law to which no response is required.  Further responding, CGM states that the allegations in Paragraph 30 of the Crossclaim are not directed at CGM and thus no response from CGM is required.  To the extent that a response is deemed to be required, CGM denies the allegations of Paragraph 30, including any allegation that HUD has any authority over the monies owed to CGM as just compensation for the taking of the Property.

23.     The allegations in Paragraph 31 of the Crossclaim are conclusions of law to which no response is required.  Further responding, CGM states that the allegations in Paragraph 31 of the Crossclaim are not directed at CGM and thus no response from CGM is required.  To the extent that a response is deemed to be required, CGM denies the allegations of Paragraph 31, including any allegation that HUD has any authority over the monies owed to CGM as just compensation for the taking of the Property.

## COUNT TWO OF CROSSCLAIM
### (Unjust Enrichment)

24.     In response to Paragraph 32 of the Crossclaim, CGM repeats and reasserts all of its responses to Paragraphs 9-31 as if fully set forth herein.

25.     The allegations in Paragraph 33 of the Crossclaim are not directed at CGM and thus no response from CGM is required.  To the extent that a response is deemed necessary, CGM states that it lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 33 and, therefore, denies those allegations.

26.     The allegations in Paragraph 34 of the Crossclaim are not directed at CGM and thus no response from CGM is required.  To the extent that a response is deemed necessary, CGM states that it lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 34 and, therefore, denies those allegations.

27.     The allegations in Paragraph 35 of the Crossclaim are not directed at CGM and thus no response from CGM is required.  To the extent that a response is deemed necessary, CGM states that it lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 35 and, therefore, denies those allegations.

28.     The allegations in Paragraph 36 of the Crossclaim are not directed at CGM and thus no response from CGM is required.  To the extent that a response is deemed necessary, CGM states that it lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 36 and, therefore, denies those allegations.

29.     The allegations in Paragraph 37 of the Crossclaim are not directed at CGM and thus no response from CGM is required.  To the extent that a response is deemed necessary, CGM states that it lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 37 and, therefore, denies those allegations.

30.     With respect to Paragraph 38 of the Crossclaim, CGM admits that the Superior Court of the District of Columbia entered an Order on December 12, 2023, ordering the District to file an amended complaint joining HUD as a defendant in this matter on or before January 12, 2024.  That document speaks for itself and CGM respectfully refers the Court to its contents and denies any characterization of it.   CGM denies all other allegations in Paragraph 38 of the Crossclaim.

31.     The allegations in Paragraph 39 of the Crossclaim are not directed at CGM and thus no response from CGM is required.  Further responding, CGM states that the allegations in Paragraph 39 of the Crossclaim are conclusions of law to which no response is required.  To the extent that a response is deemed to be required, CGM denies those allegations.

32.     The allegations in Paragraph 40 of the Crossclaim are not directed at CGM and thus no response from CGM is required.  Further responding, CGM states that the allegations in Paragraph 40 of the Crossclaim are conclusions of law to which no response is required.  To the extent that a response is deemed to be required, CGM denies those allegations, including any allegation that HUD has any authority over any monies owed to CGM and/or A&R/THC Marketplace LLC as just compensation for taking of the Property.

33.     The allegations in Paragraph 41 of the Crossclaim are not directed at CGM and thus no response from CGM is required.  Further responding, CGM states that the allegations in Paragraph 41 of the Crossclaim are conclusions of law to which no response is required.  To the extent that a response is deemed to be required, CGM denies that HUD has any authority over the monies owed to CGM and/or A&R/THC Marketplace LLC as just compensation for the taking of the Property.

**COUNT THREE OF CROSSCLAIM and FIRST COUNTERCLAIM**
**(Interpleader pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335)**

34.     In response to Paragraph 42 of the Crossclaim, CGM repeats and reasserts all of its responses to Paragraphs 9-41 as if fully set forth herein.

35.     With respect to the allegations in Paragraph 43 of the Crossclaim, CGM admits that there is a dispute between CGM and DCHA as to the parties' respective interest in any monies paid as compensation for the taking of the subject Property.  Except as specifically admitted, CGM denies the allegations in Paragraph 43 of the Crossclaim.

36.     The allegation in Paragraph 44 of the Crossclaim is a legal conclusion to which no response is required.  To the extent a response is deemed to be required, CGM denies the allegation in Paragraph 44 of the Crossclaim.

37.     CGM admits the allegations in Paragraph 45 of the Crossclaim.

38.     CGM denies the allegations in Paragraph 46 of the Crossclaim.

CGM denies that HUD is entitled to any of the relief requested in its ad damnum clause.

## AFFIRMATIVE DEFENSES

As affirmative, separate, and other defenses to the Crossclaim, CGM respectfully submits the following defenses without assuming the burden of proof on matters where CGM has no such burden.  In doing so, CGM reserves the right to restate, re-evaluate, or recall any defenses and to assert additional defenses based on information learned or obtained during discovery.

## FIRST DEFENSE

The Crossclaim fails to state a claim against CGM, in whole or in part, upon which relief can be granted.

## SECOND DEFENSE

CGM generally denies liability to HUD and states that HUD is not entitled to any relief

sought as against CGM.

## ADDITIONAL DEFENSES

CGM reserves the right to amend its Affirmative Defenses to the Crossclaim based on information learned or obtained through discovery or subsequent investigation.

WHEREFORE, CGM respectfully requests that the Crossclaim be dismissed with prejudice as against CGM, that the Court find that HUD is not entitled to any relief as against CGM, and award such other and further relief as the Court deems appropriate.

Dated: August 13, 2024

/s/ Edward S. Scheideman
Edward S. Scheideman (Bar No. 475128)
DLA PIPER LLP (US)
500 8th Street NW
Washington, DC 20004
T: (202) 799-4534
F: (202) 799-5534
edward.scheideman@us.dlapiper.com

Brett Ingerman (*pro hac vice* forthcoming)
DLA PIPER LLP (US)
650 S. Exeter St.
Suite 1100
Baltimore, MD 21202
T: (410) 580-3000
F: (410) 580-3001
brett.ingerman@us.dlapiper.com

*Counsel for Defendant CG Marketplace LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on August 13, 2024, I caused the foregoing to be served via

the Court's ECF system on the following counsel of record:

Andrew A. Glover, Esq.
DC Office of the Attorney General
400 6th St. N.W., Suite 900
Washington, D.C. 2001
andrew.glover@dc.gov

*Counsel for the District of Columbia*

David Hawkins, Esq.
The Hawkins Law Firm, PLLC
2101 L Street, NW, Suite 800
Washington, D.C. 20037
david.hawkins@hawkinslawpllc.com

*Counsel for the District of Columbia Housing Authority*

James T. Heidelbach, Esq.
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
jheid@gebsmith.com

*Counsel for PNC Bank, N.A., Brian J. Cannon, and Patrick G. Tehan*

Melissa Goforth Koenig, Esq.
Oliver W. McDaniel, Esq.
Darrell C. Valdez, Esq.
Assistant United States Attorneys, Civil Division
601 D Street, N.W.
Washington, D.C. 20530
melissa.goforth.koenigh@usdoj.gov
oliver.mcdaniel@usdoj.gov
darrell.valdez@usdoj.gov

*United States Attorneys Office, on behalf of the United States Department of Housing and Urban Development*

*/s/ Edward S. Scheideman*
Edward S. Scheideman