UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br>1350 PENNSYLVANIA AVENUE, N.W.<br>WASHINGTON, D.C. 2004<br>A MUNICIPAL CORPORATION<br><br>                Plaintiff,<br><br>     v.<br><br>ALL OF THE PARCEL OF LAND<br>IDENTIFIED AS SQUARE 5246, LOT 110,<br>LOCATED IN THE 5700 BLOCK OF EAST<br>CAPITOL STREET, NE<br>IN THE DISTRICT OF COLUMBIA, *et al.*<br><br>                Defendants. | Civil Action No. 1:24-cv-02068-JEB<br><br>**ORAL ARGUMENT REQUESTED** |

**<u>CG MARKETPLACE, LLC'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S
MOTION TO CONFIRM THE VALIDITY OF THE TAKING AND
REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

Defendant CG Marketplace LLC ("CGM") hereby files this Opposition to the District of Columbia's (the "District") Motion to Confirm the Validity of the Taking ("Motion to Confirm") (ECF No. 35) and Reply in Support of its Motion to Dismiss (in response to the District's Opposition to CGM's Motion to Dismiss (also ECF No. 35)). CGM respectfully states as follows:

**Introduction**

The District's Motion to Confirm and Opposition to CGM's Motion to Dismiss seeks to distract from the fundamental jurisdictional issue before the Court: that the United States Department of Housing and Urban Development ("HUD") admits that it has an interest in the Property, which makes it an indispensable party, but the United States cannot be so joined because it also admits that HUD is immune from suit and thus beyond the jurisdiction of the Court and sets forth no basis upon which Congress has waived this immunity. The law is crystal clear: because HUD must, but cannot as a matter of law, be joined, this condemnation action must be dismissed.

1

*See* CGM's Motion to Dismiss (ECF No. 31–1), 6–13.

To be sure, the Superior Court already considered the District's arguments that HUD need not be joined and ruled that HUD must be added under D.C. Rule 71.1(c)(3), which mirrors Federal Rule of Civil Procedure 71.1(c)(3). Tellingly, in its current filing, the District also does not address Rule 71.1(c)(3) or argue otherwise.[1] Instead, the District avoids the jurisdictional issue presented by HUD's status as an indispensable party altogether and asserts a series of unavailing arguments seeking to avoid dismissal.

First, the district claims that it strictly complied with the eminent domain statutes when it took the property. But the District never joined HUD as Rule 71 required and the Superior Court later ordered. Accordingly, the central premise of the District's Motion to Confirm is incorrect— it did not strictly follow the requirements for this condemnation action.

Second, the District argues that CGM somehow waived its argument that the inability to join HUD requires dismissal because it did not assert that HUD was a necessary party in its original Answer. But the District omits two central and dispositive points in this regard: (1) the reason CGM did not originally raise HUD's interest in the property and immunity from suit was because the District *concealed for months* HUD correspondence admitting its interest in the Property[2] and, moreover, (2) the Superior Court granted CGM's motion to amend its Answer to include the District's failure to join HUD as a defense on December 12, 2023.[3] But, even despite this, the

---

[1] The District also fails to address Federal Rule of Civil Procedure 19(a)(1)(B)(i), which requires a plaintiff to add as a defendant any party who "claims an interest relating to the subject of the action" if "disposing of the action in th[at] person's absence may…impair or impede the person's ability to protect the interest."

[2] "Property" refers to the real property at issue in this action located in the 5700 and 5800 blocks of East Capitol Street, NE in the District of Columbia.

[3] A copy of the D.C. Register of Actions for the Superior Court action with the docket entry for the Court's oral ruling granting amendment highlighted is attached hereto as **Exhibit A**.

District ignores that its failure to join HUD implicates this Court's jurisdiction, and this jurisdictional defense can be raised at any time.

Third, the District argues that its taking is valid, and the action cannot be dismissed, because either HUD's "interests are unaffected by the District's taking," ECF No. 35 at. 10, or that the District "has not taken any interest from" HUD, *id.* at 12.  Both arguments are wrong.  The issue is not the extent that HUD's interests may have been affected by the District's taking, but whether HUD's interest in the property makes it an indispensable party for condemnation purposes.  The District does not dispute that HUD claims an interest in the Property, nor has it put forward any authority establishing that such interests do not qualify as an "interest" requiring joinder under Rule 71.1(c)(3).[4]  Indeed, the law squarely holds otherwise—the interests HUD claims in the Property mandate HUD's joinder.  HUD admits as such and even claims entitlement to all condemnation proceeds.

Finally, in a last ditch effort to avoid what the law clearly commands—dismissal—the District argues that CGM "lacks standing" to raise the issue of HUD's sovereign immunity.  But this is not an issue of standing—CGM is not asserting any claim for relief on behalf of anyone else. Rather, it raises the issues of mandatory joinder and subject matter jurisdiction. Accordingly, courts have routinely rejected the District's argument because the impact of sovereign immunity is a jurisdictional issue that can be raised at any time by any party, or the Court itself for that matter.  Moreover, the District itself admits that the United States has not waived its immunity.

---

[4] The District misrepresents CGM's position on HUD's alleged interest.  *See* ECF No. 35. at 12.  Contrary to the District's statement, CGM acknowledges that HUD admits it has a substantial interest, CGM argues that the interest HUD claims to hold is not a mortgage or a lien under 28 U.S.C. § 2410, and thus HUD has not waived sovereign immunity.

Thus, the District's Motion to Confirm must be denied, CGM's Motion to Dismiss must be granted, and this action must be dismissed.

## Background

The facts necessary for the dismissal of this action are laid out in CGM's Motion to Dismiss, which CGM incorporates here. *See* ECF No. 31–1 at 2–6. From those facts, including the referenced admissions from the United States and HUD concerning HUD's interest in the Property and immunity from suit, it is clear that HUD is a necessary party to this action but, because of sovereign immunity, cannot be joined and therefore the case must be dismissed.

In response, unsurprisingly, the District does not address those fundamental points. Instead, the District spins a false factual narrative suggesting that CGM's manager, A&R Development Corp. ("A&R"), abandoned the project after expending significant resources to ready the site for building. *See* ECF No. 35 at 2–3. Although the District's false narrative does not impact the fundamental jurisdictional question before this Court, CGM nonetheless responds to correct the record.

Far from abandoning the project, A&R worked tirelessly to salvage the project after Walmart decided not to build its promised grocery store. It was A&R who initiated a multi-pronged effort to change Walmart's mind and revive the project, including arranging an in-person meeting between the Mayor and Walmart representatives in Bentonville, Arkansas. But the Mayor declined A&R's offer to set up such a meeting.

With the Walmart store off the table, A&R turned its attention to affordable housing. A&R cut its developer's fee and redesigned the building. But, again, the Mayor refused to engage in any meaningful way. The project thus stalled, forcing A&R and, again, A&R alone, to try and carry the project forward.

While ignoring CGM, the District, at the same time, clandestinely negotiated with Walmart to assume Walmart's sublease in December 2021 in exchange for a payment to the District of $6,685,000. Only a couple months after that payment, the District stopped paying the monthly rent and filed the Declaration of Taking. That Declaration purportedly extinguished the District's obligations under the sublease so, in a matter of months, the District appeared to make a handsome profit of approximately $6,300,000.

Notably, in August 2022, as this action was pending, the District received a letter from HUD in which HUD unequivocally asserted that it had a significant interest in the Property, including any change in ownership or the plan for the Property. This assertion of interest mandated HUD's joinder. But instead of doing so, the District concealed HUD's letter for six months until discovery forced its hand.

Ultimately, after undertaking an investigation, CGM brought the failure-to-join HUD issue to the Superior Court's attention. CGM also moved to amend its Answer to address the District's failure to join by way of a defense to the taking. The Superior Court granted CGM's motion to amend its answer and also ordered the District to amend its Complaint to add HUD as a party. After HUD was added, and after it finally appeared, HUD removed the action to this Court. Since that time CGM has been diligently working to get the issue of the Court's jurisdiction (because HUD has not waived sovereign immunity) before the Court. It is now ripe for adjudication.

## Argument

### A. The District's taking is invalid because HUD is an indispensable party that must, but due to sovereign immunity, cannot be joined.

The District now asks this Court to "confirm" that its attempted taking of the Property was "valid." In support, it spends considerable space discussing D.C. Code § 16–1311 *et seq.*—which applies generally to takings by the District and—D.C. Act 24–411—which purportedly gave the

5

District authority for this specific taking. *See* ECF No. 35 at 7–9. Those sections, however, are irrelevant to whether HUD is an indispensable party. And a failure to add an indispensable party claiming an interest in the condemned property bears directly on whether the District properly met its obligations for a valid taking.

The answer is addressed by Rule 71.1(c)(3), which requires a plaintiff in a condemnation action to "add as defendants ***all*** those persons who have or ***claim*** an interest" in the property being condemned, and Rule 19(a)(1)(B)(i), which requires a plaintiff to add as a defendant any party who "***claims*** an interest relating to the subject of the action" if "disposing of the action in th[at] person's absence may…impair or impede the person's ability to protect the interest." (emphasis added). Absent inclusion of HUD, the District's taking would not comply with these obligations, and would be invalid. To the extent the District seeks to litigate this action without HUD (which it does because it seeks to avoid the impact of HUD's participation as stated below), the taking is unlawful.

Notably, the District's Motion to Confirm does not address either Rule 71.1(c)(3) or Rule 19(a)(1)(B)(i). Indeed, the District does not challenge that HUD is an indispensable party under these rules. Nor could it. The District admits that HUD claims to have an interest in the Property and in this action. *See* ECF No. 35 at 10–11 (admitting that the United States, on behalf of HUD, claims an interest). And, in any event, the same arguments the District raises here were previously rejected by the Superior Court when it ordered the District to join HUD.

> **B.    CGM has not waived its defense that dismissal is required because HUD is an indispensable party that has not waived sovereign immunity.**

Seeking to avoid adjudication of the jurisdictional issue presented by HUD's status as an indispensable party, the District argues that CGM waived its dismissal arguments under Rule 71.1(e) because it did not assert them in its original Answer. *See* ECF No. 35 at 9–10. But this is

6

wrong as a factual and a legal matter.

First, the District apparently sees no irony in asking the Court to hold that CGM "waived" its defense under Rule 71.1, when the very same Rule is the source of the District's affirmative obligation to name HUD as a party, an obligation it did not fulfill until ordered by the Superior Court. The District's Motion to Confirm leaves out that at the time CGM filed its first Answer, while CGM was investigating the availability of the defense it has since asserted, HUD sent the District a letter in which it noted that the HOPE VI Grant Agreement and Revitalization Plan gave HUD "a *significant interest* in the" Property, which meant that any "change in ownership or plan for the [P]roperty *must be approved* by HUD."[5] But the District refused to disclose that letter to either CGM or the Superior Court for more than *six months* while, at the very same time, it affirmatively (mis)represented that it "lack[ed] the knowledge or information" necessary to respond to CGM's request for an admission that HUD "ha[d] not consented to [the] condemnation[.]"[6] Thus, CGM did not have knowledge of the information the District concealed which gives rise to the defense. The District cannot, on the one hand, conceal information from CGM and then, on the other hand, base its claim of waiver on the fact that CGM failed to assert the concealed information.

Second, the District also fails to note that CGM *amended* its Answer in the Superior Court to include the defense. Indeed, after discovery of the concealed correspondence, CGM filed a motion for leave to amend its Answer, along with a copy of its Amended Answer, on October 31, 2023.[7] Both the District and the District of Columbia Housing Authority ("DCHA") opposed

---

[5] A copy of the HUD letter is attached hereto as **Exhibit B**.
[6] A copy of this response is attached hereto as **Exhibit C**.
[7] A copy of CGM's Motion for Leave to Amend its Answer and Amended Answer (attached thereto) are attached as **Exhibit D**.

7

CGM's request on various grounds that the Superior Court rejected. After oral argument, the Superior Court entered a Minute Order on the docket on December 12, 2023, granting CGM's motion.[8] The effect of the Minute Order is that CGM's Amended Answer became operative, and CGM's Amended Answer asserts as a defense that: HUD is an indispensable party, and that HUD has not waived its sovereign immunity, thus the action must be dismissed.[9] There has been no waiver on the part of CGM.

In any event, the District's waiver argument fails because "[t]he district court, too, 'has an independent responsibility' to seek the joinder of a required party, sua sponte if need be." *Cook v. Food & Drug Admin.*, 733 F.3d 1, 11 (D.C. Cir. 2013) (quoting *Weisberg v. Dep't of Justice*, 631 F.2d 824, 830 & n.40 (D.C. Cir. 1980)). What is more, it is well-established that "[s]overeign immunity 'goes to the subject matter jurisdiction of the court.'" *Kemper v. U.S. Dep't of Educ.*, 285 F. Supp. 3d 145, 148 (D.D.C. 2018) (quoting *Delta Foods, Inc. v. Republic of Ghana*, 265 F.3d 1068, 1071 (D.C. Cir. 2001)); *see also Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts."). And "[s]ubject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). It can be raised at any time and the court, as with joinder, has "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (quoting *Arbaugh v. Y & H Corp.*, 564 U.S. 500, 514 (2006)). Here, because HUD must be joined, but

---

[8] *See* **Ex. A**.
[9] *See* **Ex. D**.

cannot be joined due to its sovereign immunity, the Court lacks jurisdiction and dismissal is required.

        **C.**       **HUD's interest in the Property makes it an indispensable party.**

In yet another attempt to distract from the issue at hand, the District argues that HUD's interest would go "unaffected by the District's taking," ECF No. 35 at 10, or that the District "has not taken any interest from" HUD, *id.* at 12, and thus dismissal is not required. These arguments are unavailing because, as stated above, HUD's interest mandates that it be joined as an indispensable party, which the District does not dispute. *See supra* Sec. A.

First, the fact that HUD has claimed an interest makes it an indispensable party under both Rule 71.1 and Rule 19. *See* Fed R. Civ. P. 71.1(c)(3) (must "add as defendants **all** those persons who have or ***claim*** an interest") (emphasis added); Fed. R. Civ. P. 19(a)(1)(B)(i) (must add any party who "***claims*** an interest relating to the subject of the action") (emphasis added).

Next, to the extent that the District argues that HUD does not have an interest in the Property because "[d]ocuments conveying an interest in real property must be recorded," ECF No. 35 at 11, that is incorrect as a legal matter. Courts require joinder in condemnation cases regardless of whether the asserted interest in the property is capable of being recorded. *See Town of Davis v. West Virginia Power & Transmission Co.*, 647 F. Supp. 2d 622, 624 (N.D.W. Va. 2007) (recognizing that contractual rights to compensation constitute an "interest" in property); *see also D.C. Redevelopment Land Agency v. Dowdey*, 618 A.2d 153, 159–60 (D.C. 1992) (requiring joinder of party with unrecorded interest in the property).

Similarly, the District's argument that taking the property in fee simple does not implicate HUD's interest, *see ECF* No. 35 at 11, is also flawed. It is black-letter law that taking a property in fee simple creates a new title. *See Washington Metro. Area Transit Auth. V. 6,627 Square Feet*

9

*of Land*, 2022 WL 2438549, at *2 n.5 (D.D.C. July 5, 2022). Thus, the taking necessarily impacts HUD's claimed rights in the Property based on its allegedly conditional release of the Declaration of Trust.

Finally, lacking all sense of irony, the District goes so far as to argue that HUD's interests are not impacted because "the District cannot take from the United States, unless the United States waives its sovereign immunity" and "because of the United States' sovereign immunity…the District took the Property subject to any interest held by the United States." ECF No. 35 at 12. But because the District has not, and cannot, argue that HUD is not an indispensable party, the District's admission about HUD's sovereign immunity requires dismissal.

### D. The District's "standing" argument is incorrect as a matter of law.

Finally, despite raising HUD's sovereign immunity for its own misplaced argument about the impact of the taking, the District argues that CGM cannot raise the same issue as a basis for dismissal. Specifically, the District claims that CGM "lacks standing" to raise the issue of HUD's sovereign immunity and that the case cannot be dismissed on that basis. *See* ECF No. 35 at 13. But that is wrong as a legal matter.

As an initial matter, the District's categorization of its argument as one of "standing" is entirely misplaced. The District relies on *Warth v. Seldin*, but that case involves standing to assert a ***claim for relief***. 422 U.S. 490, 499 (1975). The District cites this case for nothing more than the unremarkable proposition that a plaintiff must assert his own rights to relief—based on his own alleged harm or injury—not that of another person. But CGM is not asserting any claim for relief on behalf of anyone else. Instead, CGM raises the issue of mandatory joinder, just as Rules 19 and 71 expressly contemplate, which necessarily implicates subject matter jurisdiction. And subject matter jurisdiction can be raised by any party at any time.

Indeed, courts have rejected the same argument as the one the District advances here. For example, in *Boiselle v. Yakima Tribal Gaming Corp.*, 2007 WL 9717754, at *2 (E.D. Wash. Nov. 27, 2007), the court rejected that a non-sovereign defendant "did not have standing to assert sovereign immunity" because "the Court has an obligation to ensure that subject matter jurisdiction exists…; sovereign immunity is a matter of subject matter jurisdiction." (internal citations omitted). The same is the case here, and the District has not raised any authority to the contrary. Instead, the District merely cites examples where the United States was the defendant that asserted the sovereign immunity issue. But that does not prove that other defendants cannot assert it. Indeed, they can, and the Court has an independent obligation to consider it because it goes squarely to the Court's jurisdiction. *See id.*

Notably, the District does not assert any substantive argument on the issue of sovereign immunity. Nor could it. As set out in CGM's Motion to Dismiss, waiver of sovereign immunity under 28 U.S.C. § 2410(a), is limited to two very specific circumstances: when the United States has either (1) a mortgage or (2) a lien on the property subject to condemnation. The District does not dispute that the United States has not, and cannot, identify any mortgage or lien that it holds on the Property. Accordingly, dismissal is required because the United States is a necessary party and Congress has not waived sovereign immunity for this condemnation proceeding. *See* ECF No. 31–1.

## Conclusion

The United States is a necessary party, and Congress has not waived sovereign immunity for this condemnation proceeding. Accordingly, the District's taking is invalid, this action must be dismissed, and CGM must be returned to its position prior to the condemnation.

Dated: May 29, 2025

*/s/ Edward S. Scheideman*
Edward S. Scheideman (Bar No. 475128)
DLA PIPER LLP (US)
500 8th Street NW
Washington, DC 20004
T: (202) 799-4534
F: (202) 799-5534
edward.scheideman@us.dlapiper.com

Brett Ingerman (*pro hac vice*)
DLA PIPER LLP (US)
650 S. Exeter St.
Suite 1100
Baltimore, MD 21202
T: (410) 580-3000
F: (410) 580-3001
brett.ingerman@us.dlapiper.com

*Counsel for Defendant CG Marketplace LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on May 29, 2025, I caused the foregoing to be served via CM/ECF on the following:

William. D Burk, Esq.
Andrew A. Glover, Esq.
David Fisher, Esq.
DC Office of the Attorney General
400 6th St. N.W., Suite 900
Washington, D.C. 2001

*Counsel for the District of Columbia*

David Hawkins, Esq.
The Hawkins Law Firm, PLLC
2101 L Street, NW, Suite 800
Washington, D.C. 20037

*Counsel for the District of Columbia Housing Authority*

James T. Heidelbach, Esq.
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202

*Counsel for PNC Bank, N.A., Brian J. Cannon, and Patrick G. Tehan*

Melissa Goforth Koenig, Esq.
Oliver W. McDaniel, Esq.
Darrell C. Valdez, Esq.
Assistant United States Attorneys, Civil Division
601 D Street, N.W.
Washington, D.C. 20530

*United States Attorneys Office, on behalf of the United States Department of Housing and Urban Development*

                                      */s/ Edward S. Scheideman*
                                      Edward S. Scheideman